[Cite as *State v. Gribben*, 2011-Ohio-4900.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                           |
|--------------------------|---|---------------------------|
|                          | : | JUDGES:                   |
| STATE OF OHIO            | : | Sheila G. Farmer, P.J.    |
|                          | : | Julie A. Edwards, J.      |
| Plaintiff-Appellee       | : | Patricia A. Delaney, J.   |
|                          | : |                           |
| -vs-                     | : | Case No. 10AP100040       |
|                          | : |                           |
|                          | : |                           |
| ADAM T. GRIBBEN          | : | O P I N I O N             |
|                          |   |                           |
| Defendant-Appellant      |   |                           |

CHARACTER OF PROCEEDING:    Criminal Appeal from New
                            Philadelphia Municipal Court Case
                            No. 100854A

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     September 21, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GARRY O. HURLESS                        NICOLE R. STEPHAN
P.O. Box 237                            153 N. Broadway
New Philadelphia, Ohio  44663-0327      New Philadelphia, Ohio  44663

*Edwards, J.*

{¶1} Appellant, Adam Gribben, appeals a judgment of the New Philadelphia Municipal Court convicting him of child endangering (R.C. 2919.22(A)) and sentencing him to 180 days incarceration. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} Appellant and his live-in girlfriend Cassie are the parents of two daughters, Alaina and Kylie. Cassie put Alaina, who was 16 months old at the time, to bed at around 9:00 p.m. on June 11 or 12, 2010. Cassie was awakened by Alaina's crying. When she started crying louder, Cassie asked appellant what he did and he said he smacked Alaina on the "behind." Tr. 18. Cassie took Alaina into the kitchen and noticed the child had a bloody nose and mouth. When she asked appellant why the child's nose and mouth were bloody he responded that "she was crying for no reason so he gave her a reason to cry cause she was crying for no reason." Tr. 18.

{¶3} The Department of Job and Family Services had become involved with appellant and Cassie in May, 2009, filing a complaint for protective supervision. Both Cassie and appellant participated in a voluntary diversion program but did not follow through with services. Prior to adjudication on the complaint, Cassie decided to move to Minnesota. She was notified by the Department that if she chose not to move or the agency received reports of additional fighting between her and appellant, they would immediately seek custody of the children.

{¶4} Cassie did not call the police after the incident involving appellant and Alaina. However, at 9:00 p.m. on June 27, 2010, following an incident between appellant and Cassie, Cassie went to the Dover police station with her father and filed a

report alleging domestic violence. Dover police contacted Children's Services the next day. Elisa Wanosik, a caseworker with the Department of Job and Family Services, saw the children on June 28. Cassie relayed the incident with appellant and Alaina to the caseworker. Ms. Wanosik noticed no injuries on the child's mouth or nose, but Alaina did have a broken blood vessel in her eye.

{¶5} Appellant was charged with domestic violence (R.C. 2919.25(A)), two counts of child endangering in violation of R.C. 2919.22(A), and two counts of child endangering in violation of R.C. 2919.22(B)(1) and (2). The case proceeded to bench trial in the New Philadelphia Municipal Court. Following trial, the court dismissed the two counts of child endangering in violation of R.C. 2919.22(B)(1) and (2) because exclusive jurisdiction is in the juvenile court as to violation of that statute. The court sustained appellant's Criminal Rule 29 motion as to one count of child endangering in violation of R.C.2919.22(A). The court found appellant not guilty of domestic violence. The court found appellant guilty of the remaining count of child endangering concerning Alaina, specifically finding Cassie's testimony to be credible on this count:

{¶6} "Now, with regard to the little girl, on that issue in contrast to the other issue, the other - - when she discussed what happened to herself and she kept changing it in significant ways, with regard to the child it never changed. And my memory of the testimony was not that Cassie said Adam hit the child on the butt. Cassie said she didn't see anything. When she questioned Adam he's the one who said 'Yeah, I hit her but it was on the butt.'

{¶7} "So, it bothers me that she didn't see - - I mean it's dark, it bothers me she didn't hear anything, but again, if the child's already crying, that's why you're checking

on the child and then she does notice the child crying more severely, distressed, she gets up, takes her to the kitchen, opens the fridge. That testimony was very - - I found very credible, I found very realistic as to what you would do. You know, she didn't try to embellish it and say yeah, I saw him smack her and I heard him smack her. She I felt was trying to be honest. 'No, I didn't know what happened until I got her into the kitchen and she's bleeding on the one side of her face, her little nose and underneath her lip where he had hit her tooth' which was very consistent with smacking the little child. I think something like that could happen accidentally, Adam, but you took the stand and you didn't say it was dark. You basically denied that any of this even happened.

{¶8} "So, on that one, on that issue involving her child, I found Cassie's testimony to be credible. On the issue about what happened to her I don't know if Cassie knows for sure and I think maybe - - I don't mean that she was trying to be untruthful but you know, I think you think back on things and they change in your mind. It doesn't help when you get to court. But boy, with regard to her little girl she didn't - - to me it wasn't rehearsed. If you're gonna come up with a story you're going to say yeah, I saw him do this and I saw him do that. So even though she left those holes there but that was because she wasn't going to lie about it was my feeling on it." Tr. 110-111.

{¶9} Appellant was sentenced to 180 days incarceration. He assigns two errors on appeal:

{¶10} "I. THE CONVICTION FOR CHILD ENDANGERING OHIO REVISED CODE 2919.22(A) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶11} "II. THE CONVICTION FOR CHILD ENDANGERING IS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I, II

{¶12} In his first assignment of error, appellant argues the judgment is against the manifest weight of the evidence, arguing that Cassie's testimony is not credible because she didn't call the police or take action to keep the children away from appellant. He further argues that although Cassie was nearby, she didn't see or hear anything other than the child crying louder. In his second assignment of error, appellant argues the judgment is supported by insufficient evidence because Cassie's testimony is not credible for reasons stated in the first assignment of error, and there were no photographs of the injury or reports made to the police or Children's Services.

{¶13} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997-Ohio-52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶14} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶15} Appellant was convicted of one count of child endangering, defined by R.C. 2919.22(A):

{¶16} "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child treats the physical or mental illness or defect of the child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body."

{¶17} Cassie testified that on June 11 or 12, 2010, she was awakened by Alaina's crying. When Alaina started crying louder, Cassie asked appellant what he did and he said he smacked Alaina on the "behind." Tr. 18. Cassie took Alaina into the kitchen with her and noticed the child had a bloody nose and mouth. When she asked appellant why the child's nose and mouth were bloody he responded that "she was crying for no reason so he gave her a reason to cry cause she was crying for no reason." Tr. 18. Cassie testified that she did not call the police because she was afraid of appellant and she knew the police wouldn't get there when she needed them. Tr. 47. Further, Cassie had been notified by Job and Family Services that if there was another report of fighting between her and appellant, they would immediately seek custody of the children. The trial court, who was in a better position than this court to view the

demeanor of the witness and determine credibility, specifically found that while she didn't believe Cassie's testimony concerning other incidents, she found her testimony concerning this incident involving Alaina to be very credible.  See Tr. 110-111, quoted above.  The judgment is supported by sufficient evidence to demonstrate that appellant created a substantial risk to the health or safety of the child, by violating a duty of care or protection.  Further, the judgment is not against the manifest weight of the evidence.

{¶18}  The first and second assignments of error are overruled.

{¶19}  The judgment of the New Philadelphia Municipal Court is affirmed.

By: Edwards, J.

Farmer, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

JAE/r0705

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ADAM T. GRIBBEN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10AP100040 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the New Philadelphia Municipal Court is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES